# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VONDELLE MONTEZ OVER,
      **Plaintiff,**
      v.                         **Case No. 20-C-1542**

ASHLEY HASELEU, et al.,
      **Defendants.**

## <u>ORDER</u>

Plaintiff Vondelle Montez Over, a Wisconsin state prisoner representing himself, filed this lawsuit under 42 U.S.C. § 1983. I screened the complaint and permitted the plaintiff to proceed on Eighth Amendment claims against three defendants. The defendants move for partial summary judgment on the ground that the plaintiff failed to exhaust his available administrative remedies against Defendant John Birdyshaw. ECF No. 23. The plaintiff moves to amend his complaint to add claims of retaliation against numerous defendants. ECF Nos. 22 & 27. As explained below, I will **GRANT** the defendants' motion for partial summary judgment and **DENY** the plaintiff's motions to amend his complaint.

## I. BACKGROUND[1]

The plaintiff is an inmate at Waupun Correctional Institution and was at all times related to this lawsuit. ECF No. 25, ¶ 1. Defendants Nurse Ashley Haseleu, Officer John Birdyshaw, and Dr. Mary Moore are employees at Waupun. *Id.*, ¶¶ 2–3. I allowed the plaintiff

---

[1] Facts in this section are taken from the defendants' proposed findings of fact and declaration in support of their motion for summary judgment. ECF Nos. 25–26. The plaintiff only partially responded to the defendants' brief and proposed findings of fact. ECF No. 29. Most of his responses do not cite supporting material in the record, as the court's rules require. *See* Civil L. R. 56(b)(2)(B)(i)–(ii); ECF No. 29. For purposes of this decision, I will consider admitted any facts that he does not properly contest. *See* Civil L. R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). I will consider the proposed facts only to the extent they are supported by evidence in the record, *see* Fed. R. Civ. P. 56(c)(1), and will consider arguments in the supporting memorandum only to the extent they properly refer to the facts, *see* Civil L. R. 56(b)(6).

to proceed on Eighth Amendment claims alleging that the defendants disregarded his medical emergency, requiring his hospitalization. *Id.*, ¶ 3.

The complaint alleges that the plaintiff told a correctional officer he was having a medical emergency, but the officer did not respond and walked away. *Id.*, ¶ 4 (citing ECF No. 12). The plaintiff then told defendants Haseleu and Birdyshaw he was having a medical emergency, and Haseleu took the plaintiff's temperature. *Id.* His temperature was high, and Haseleu said she would inform Dr. Moore and remove him from the cell for observation. *Id.* The plaintiff alleges that Haseleu and Moore left him in the same cell for six hours, before he pressed his emergency call button and was taken to a hospital for treatment. *Id.*, ¶¶ 4–5.

The defendants submitted a statement from Emily Davidson, who works for the Wisconsin Department of Corrections as a Corrections Complaint Examiner. ECF No. 25, ¶ 6; ECF No. 26. Davidson investigates and reviews offender complaints that have been appealed to the Office of the Secretary and recommends decisions on those appeals. ECF No. 25, ¶ 13. Davidson swears she searched for records related to the plaintiff's inmate complaints against the three defendants. *Id.*, ¶ 14; ECF No. 26, ¶¶ 10 & 12. She located one returned complaint and two accepted complaints the plaintiff filed related to this lawsuit. ECF No. 25, ¶ 15; ECF No. 26, ¶ 14.

## A. Returned Inmate Complaint

The plaintiff filed the first complaint on July 4, 2020, and the inmate complaint office received it on July 6, 2020. ECF No. 25, ¶ 16; ECF No. 26-2 at 2. The plaintiff alleged prison staff failed to respond to his medical emergency on June 30, 2020. ECF No. 25, ¶ 16; ECF No. 26-2 at 2. He named all three defendants plus several other staff members from the Restricted Housing Unit (RHU) and Health Services Unit (HSU). ECF No. 26-2 at 2. An institutional complaint examiner (ICE) did not accept the complaint and returned it to the plaintiff the next day because it contained more than one issue. ECF No. 25, ¶ 16; ECF No. 26-2 at 1. The ICE explained that a complaint against an officer from the RHU and staff

from the HSU are separate issues because staff from each of those units "perform different functions under different rules and supervision." ECF No. 26-2 at 1.

On July 8, 2020, the plaintiff resubmitted the complaint without revision. ECF No. 25, ¶ 17; ECF No. 26-2 at 4. On July 13, 2020, the same ICE returned the complaint and reiterated that claims against staff in two units of the prison raised different issues, each of which required its own complaint. ECF No. 25, ¶ 17; ECF No. 26-2 at 3. The ICE explained that the plaintiff had "not separated [his] issues especially between RHU line staff and HSU." ECF No. 26-2 at 3. The complaint examiner told the plaintiff the complaint "will not be processed" because the plaintiff had "not followed the instructions from the first ICE Return Letter." *Id.* The ICE did not return the complaint to the plaintiff. *Id.*

The plaintiff contests the ICE's conclusion that his complaint against staff in the RHU and HSU raised two separate issues. ECF No. 29 at 1. He asserts that the complaint addressed only one issue because he complained about a single event that occurred on one day. *Id.*

**B. Inmate Complaint WCI-2020-12856**

On July 27, 2020, the inmate complaint office received a complaint from the plaintiff in which he complained about the ICE returning his previous complaint. ECF No. 25, ¶ 24; ECF No. 26-4 at 1, 6. He alleged that the ICE "deliberately and wrongfully denied" his previous complaint about staff ignoring his medical emergency. ECF No. 25, ¶ 24; ECF No. 26-4 at 6. He also generally restated the allegations from his previous, returned complaint about staff disregarding his medical emergency. ECF No. 26-4 at 6.

The inmate complaint office accepted the complaint and designated it WCI-2020-12856. ECF No. 25, ¶ 24; ECF No. 26-4 at 1. The ICE summarized the issue as "[c]omplains regarding ICE Return Letter of 7/13/20." ECF No. 26-4 at 1. On July 29, 2020, an ICE recommended that the complaint be dismissed because it did not meet the requirements of DOC 310. ECF No. 25, ¶ 25; ECF No. 26-4 at 2. The ICE explained that the complaint examiner has the discretion to determine whether "a complaint meets the filing requirements

listed in DOC 310.07." ECF No. 26-4 at 2. The ICE further provided, "just because inmate believes that he is raising a single issue, that does not guarantee that the claims made in the submission will constitute a single issue." *Id.* The ICE "advised" the plaintiff "to be mindful of the filing requirements when submitting complaints." *Id.* The ICE did not address the plaintiff's claim against RHU and HSU staff about his medical emergency. The reviewing authority accepted the recommendation and dismissed the complaint on October 4, 2020. ECF No. 25, ¶ 26; ECF No. 26-4 at 3. The reviewing authority explained that the "complaint addresses only the manner of handling and the return letter." ECF No. 26-4 at 3. The plaintiff did not appeal the dismissal of the complaint. ECF No. 25, ¶ 27; ECF No. 26-4 at 5.

### C. Inmate Complaint WCI-2020-12455

On July 20, 2020, the inmate complaint office received a complaint from the plaintiff alleging that Dr. Moore and Nurse Haseleu refused to respond to his medical emergency on June 30, 2020. ECF No. 25, ¶ 18; ECF No. 26-3 at 1, 10. The inmate complaint office accepted the complaint and designated it WCI-2020-12455. ECF No. 25, ¶ 18; ECF No. 26-3 at 1. The inmate complaint alleges the events, in part, detailed in the plaintiff's § 1983 complaint. ECF No. 25, ¶ 19; ECF No. 26-2 at 10–11. An ICE contacted the Health Services Manager, who explained the plaintiff's condition and treatment on June 30, 2020. ECF No. 25, ¶ 20; ECF No. 26-3 at 2. The ICE referred the matter to the HSU's Nursing Coordinator and recommended dismissing the complaint. ECF No. 25, ¶ 20; ECF No. 26-3 at 2. The Nursing Coordinator reviewed the plaintiff's complaint and accepted the recommendation to dismiss it, concluding that the plaintiff "was triaged and assessed prior to transfer to local hospital for evaluation." ECF No. 25, ¶ 21; ECF No. 26-3 at 3.

The plaintiff appealed the dismissal of his complaint, which the Corrections Complaint Examiner's office received on September 3, 2020. ECF No. 25, ¶ 22; ECF No. 26-3 at 4. Davidson reviewed the plaintiff's complaint and recommended that the appeal be dismissed based on the Nursing Coordinator's review. ECF No. 25, ¶ 22; ECF No. 26-3 at 5. The Office of the Secretary accepted that recommendation and dismissed the appeal on September 8,

2020. ECF No. 25, ¶ 23; ECF No. 26-3 at 6. The court received the plaintiff's § 1983 complaint about a month later, though he signed it on September 23, 2020. ECF No. 1.

## II. ANALYSIS

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if the evidence allows a reasonable jury to return a verdict for the non-moving party. *Id*. Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

### A. Exhaustion

Under the Prison Litigation Reform Act, an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citing *Woodford*). That means if the plaintiff

failed to complete any step in the prison's exhaustion process before bringing his lawsuit, the court must dismiss the plaintiff's claims. *See Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" does not satisfy exhaustion requirements. *Farina v. Anglin*, 418 F.App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Wisconsin has an established system that allows inmates to file complaints about policies, rules, living conditions, and staff actions at their institutions. Wis. Admin. Code § DOC 310.06. Inmates must exhaust all administrative remedies that the Department of Corrections has promulgated by rule before commencing a civil action against an officer, employee, or agent of the DOC. *Id.*, § DOC 310.05.

Before filing a formal complaint, an inmate must attempt to resolve the issue informally within his institution. *Id.*, § DOC 310.07(1). If the issue is not resolved, the inmate must file a complaint within fourteen calendar days of the incident. *See id.*, § DOC 310.07(2). Each complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." *Id.*, § DOC 310.07(5)–(6). The ICE may return a complaint if it violates those rules and allow the plaintiff an opportunity to correct and resubmit a returned complaint. *Id.*, § DOC 310.10(5). The inmate receives only one opportunity to correct the complaint and must resubmit the corrected complaint within ten days. *Id.* If the ICE accepts the complaint, she assigns a file number and classification code to the complaint and provides notice to the inmate that the complaint was received. *Id.*, § DOC 310.10(3)–(4). The inmate must appeal any adverse decision within fourteen days of the ICE's decision and await a final decision from the Office of the Secretary. *Id.*, §§ DOC 310.12 & 310.13.

**B. Discussion**

The defendants concede that the plaintiff exhausted his administrative remedies for his claims against Haseleu and Moore by filing and completing the appeal process for Inmate Complaint WCI-2020-12455. ECF No. 24 at 8–9. They assert that the plaintiff did not exhaust his administrative remedies for his claim against Birdyshaw. The plaintiff does not counter the defendants' evidence showing that he never filed an appropriate inmate complaint against defendant Birdyshaw before bringing this lawsuit. He instead contests the ICE's conclusions regarding his first (returned) inmate complaint.

The issue is not whether the plaintiff's returned complaint addressed his claim against Birdyshaw—it is undisputed that it did. The question is whether the returned complaint exhausted the plaintiff's administrative remedies against Birdyshaw and HSU staff. The ICE returned the complaint and did not process it because, the ICE concluded, it raised more than one "one clearly identified issue" in violation of Wis. Admin. Code § DOC 310.07(5). The plaintiff did not correct the issue and instead resubmitted the complaint unchanged. The ICE did not accept the resubmitted, flawed complaint and did not return it. The plaintiff then filed a new complaint about the ICE returning his earlier complaint and again reiterating his claims against prison staff.

To exhaust his administrative remedies for his claim against Birdyshaw, the plaintiff was required to resubmit his complaint about Birdyshaw and other RHU staff only, as the ICE instructed him to. ECF No. 26-2 at 1. He partly complied with the ICE's instructions by submitting a new complaint against only HSU staff (including Haseleu and Moore). That was complaint WCI-2020-12455. That the plaintiff submitted (and exhausted) the complaint against HSU staff shows he did not misunderstand the ICE's instructions; he simply disagreed with them. He knew he had to submit a complaint specific to the staff in one unit but failed to follow those instructions for his claim against staff in the RHU, which includes Birdyshaw. By failing to follow the complaint examiner's instructions and submit a complaint against only Birdyshaw and RHU staff, he failed to follow "the specific procedures . . .

7

established by the prison's policy." *King*, 781 F.3d at 893. Neither the returned complaint nor complaint WCI-2020-12455 exhausted the plaintiff's administrative remedies for his claim against Birdyshaw.

The plaintiff's recourse to challenge the ICE's return of his first complaint was to file a new complaint against the complaint examiner—which he did. That is complaint WCI-2020-12856. But that complaint did not properly raise the issue against Birdyshaw. It contested the ICE's actions in returning his complaint. The plaintiff could not raise in the same complaint issues with his returned complaint and with staff who allegedly failed to treat him on June 30, 2020, because those are two separate issues. Raising both issues in a single complaint would violate Wis. Admin. Code § DOC 310.07(5)—the same rule the plaintiff violated in his initial complaint against all staff members. The ICE recommended dismissing complaint WCI-2020-12856 not because it raised multiple issues but because it challenged a procedural, discretionary decision. The reviewing authority accepted that recommendation and dismissed the complaint.

Even had complaint WCI-2020-12856 properly raised the plaintiff's claim against Birdyshaw, he did not appeal the dismissal of that complaint. An inmate complaint is not fully exhausted unless the inmate appeals an adverse decision and receives a final disposition from the Office of the Secretary. Wis. Admin. Code §§ DOC 310.12 & 310.13. Moreover, the reviewing authority dismissed complaint WCI-2020-12856 on October 4, 2020, two weeks *after* the plaintiff had signed and therefore filed his § 1983 complaint. *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) (explaining that under prison mailbox rule, "a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies," which is usually date the prisoner signed the document). Even if the reviewing authority's dismissal were the final step the plaintiff needed to complete to exhaust his administrative remedies, he filed his complaint before completing that step. For all these reasons, it is undisputed that the plaintiff failed to

exhaust his administrative remedies for complaint WCI-2020-12856, regardless of the issues it raised, before filing his § 1983 complaint.

The plaintiff appears to assert that the ICE returned his first complaint to prevent him from timely grieving the actions of staff from both the RHU and HSU. The events the plaintiff grieved occurred on June 30, 2020. Under Wisconsin's rules, he had to grieve issues related to that event within 14 days—by July 14, 2020. Wis. Admin. Code § DOC 310.07(2). He submitted his first complaint on July 4, 2020, and it was returned to him on July 7, 2020. ECF No. 26-2 at 1–2. He resubmitted the complaint on July 8, 2020. *Id.* at 4. If he instead had complied with the ICE's instructions, he could have submitted a corrected complaint contesting the actions of either HSU or RHU staff on July 8, 2020. He then could have submitted a second complaint addressing the actions of the other unit's staff members the next week, by the July 14, 2020 deadline. That would have raised both issues in compliance with the rules allowing only one inmate complaint per week, Wis. Admin. Code § DOC 310.07(7), and only one issue per complaint, *id.*, § DOC 310.07(5). His failure to exhaust his administrative remedies was a result of him disregarding instructions and submitting complaints in violation of prison rules. It was not a result of the ICE manipulating the plaintiff's complaints against him.

The defendants have met their burden to show that the plaintiff did not file and appeal an inmate complaint against Birdyshaw. The plaintiff therefore failed to exhaust his administrative remedies for that claim, and I must dismiss the claim against Birdyshaw without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "all dismissals under § 1997e(a) should be without prejudice").[2]

---

[2] The plaintiff spends several paragraphs detailing the facts alleged in his complaint. The merits of his claims are not at issue in this decision, and I will not discuss them here. *See Perez*, 182 F.3d at 536 (noting that where the defendants raise the issue of exhaustion, a district court "must not proceed to render a substantive decision until it has first considered § 1997e(a)").

## III. MOTION TO AMEND COMPLAINT

The plaintiff twice moved to amend his complaint. ECF Nos. 22 & 27.[3] He says that defendants Moore and Birdyshaw, as well as Captain Tritt, Nurse Supervisor/Health Services Unit Manager Rob, and a person identified only as Kayca "all deliberately reacted to retaliate against me because" he filed this lawsuit. ECF No. 27 at 2. He says that on February 24, 2021, he was being treated by Nurse Jodi (who is not a defendant), when Supervisor Rob entered the room "and expressed the retaliation Moore is carrying out on me by discontinueing [sic] helpful medication, medical equitment [sic] and causing security to issue conduct reports solely surrounding my medical condition." *Id.* at 2–3. He says the same thing happened two weeks earlier, when "Nurse Bob" contacted Moore during an evaluation. *Id.* at 3. Moore then refused to treat the plaintiff "and only argued with [him] acting in full rejection to treat me." *Id.* Rob also allegedly told the plaintiff on February 24, 2021 (or January 23, 2021), "how he could enforce such type hassle" under "Chapter 500." *Id.* (or ECF No. 22 at 3). Rob allegedly told the plaintiff he knew about this lawsuit, "advised" the plaintiff to sue him, and threatened that he would "be sure you receive zero treatment." ECF No. 27 at 3. The plaintiff alleges that Moore "is enforcing" retaliation through "Supervisor Rob, Nurse Kaycy, Jeniffer, Nixon, PSU, Dep. Warden Emily Propson and V. Reisen." *Id.* at 4. He also lists Captain Tritt again in smaller handwriting. *Id.* He seeks to add claims for deliberate indifference, "pain and suffering," "crule [sic] and unusual punishment," and "mentle [sic] anguish." *Id.*

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The defendants submitted their answer (a responsive pleading) on January 29, 2021. ECF No. 15. That means the plaintiff had until

---

[3] The plaintiff's two motions to amend his complaint are identical except for a change in a cell location and a date. *Compare* ECF No. 22 at 2 (C201) and 3 (1/23/2021), *with* ECF No. 27 at 2 (B101) and 3 (2/24/2021).

February 19, 2021, to amend his complaint. He signed his motion on February 21, 2021—only two days late. ECF No. 22 at 4. Although the plaintiff's request to amend is outside of the deadline to do so as a matter of right, he did not file it "well past the deadline," as the defendants assert. ECF No. 31 at 8.

Because the plaintiff filed his motion more than twenty-one days after the defendants answered, he may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The defendants oppose his motion. ECF No. 31. Rule 15 instructs courts to "freely give leave when justice so requires." Nonetheless, I have discretion to allow the amendment and may deny the request because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The plaintiff's proposed amended complaint is difficult to follow. He asserts that Moore retaliated against him for filing this lawsuit by ordering others to deny him treatment or take other action. Yet he also alleges that someone (perhaps Supervisor/Health Services Manager Rob or Nurse Bob) contacted Moore to tell *her* not to treat the plaintiff. The plaintiff also provides two different lists of new defendants who allegedly retaliated against him with only some overlap. *Compare* ECF No. 27 at 2 (Captain Tritt, Nurse Supervisor/Health Services Unit Manager Rob, and Kayca) *with id.* at 4 (Supervisor Rob, Nurse Kaycy, Jeniffer, Nixon, PSU, Dep. Warden Emily Propson, V. Reisen and Captain Tritt). He does not allege what most of these persons did that he believes was retaliation for this lawsuit. He simply names them and asserts they retaliated against him in an unspecified way because Moore (or Rob or Bob) told them to. These confusing and self-contradictory allegations do not make clear who did what to retaliate against the plaintiff.

Although the allegations in the amended complaint are not clear, the amended complaint appears to suffer several deficiencies. First, although there may be some overlap,

whether the new defendants retaliated against him in January and February 2021 is unrelated to whether the previously named defendants provided him inadequate medical treatment in June 2020. It would be one thing if he alleged the previously named defendants retaliated against him for filing this lawsuit against them (and he may be alleging, although it is not at all clear, that defendant Moore did). But he says numerous new defendants not named in this lawsuit retaliated against him for filing it. The new claims are unrelated and involve different defendants, facts, and legal claims. The new claims therefore must be brought in a separate lawsuit for which the plaintiff would be required to pay the full filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). By moving to amend his complaint to add these new defendants and claims, it appears the plaintiff is attempting to bypass screening and payment of the filing fee for these new claims.

Second, as noted, the plaintiff does not allege any misconduct by most of the new defendants he seeks to add to this lawsuit. He names Captain Tritt, Kayca (or Kaycy), Jeniffer, Nixon, PSU, Deputy Warden Emily Propson, and V. Resisen but does not allege who these persons are or what they did that violated his rights. Simply naming defendants and concluding that they retaliated against him is not enough to satisfy the pleading standard of Federal Rule of Civil Procedure 8. The plaintiff instead must allege how each defendant "personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (citing *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981)); *see George*, 507 F.3d at 609 ("Only persons who cause or participate in the violations are responsible."). The plaintiff's general, conclusory allegations do not meet this standard.

Finally, the plaintiff's motions do not comply with this court's local rules. Civil Local Rule 15 provides that any amendment to a pleading "must reproduce the entire pleading as amended" and that any motion to amend "must state specifically what changes are sought by the proposed amendments." Civil L. R. 15(a)–(b). The party must file the proposed amended pleading "as an attachment to the motion to amend." *Id.*, Rule 15(b). The plaintiff's

motions summarize his original allegations and add new allegations in a difficult to read, single-spaced document. They do not "state specifically what changes" he seeks or provide the proposed amended complaint as an attachment. "[D]istrict courts may require strict compliance with their local rules." *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020); *see Smith v. Adams*, 804 F.App'x 390, 391 (7th Cir. 2020) (same for *pro se* plaintiffs).

Because the plaintiff's requests are unclear, contain unrelated claims against different defendants, do not contain any allegations against nearly all of the new defendants, and do not strictly comply with the court's local rules, I will deny his motions to amend the complaint.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that the defendants' motion for partial summary judgment on exhaustion grounds (ECF No. 23) is **GRANTED**. The claim against Defendant Birdyshaw is **DISMISSED WITHOUT PREJUDICE**. Because there are no exhausted claims against Birdyshaw, he is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the plaintiff's motions to amend his complaint (ECF Nos. 22 & 27) are **DENIED**.

The deadlines entered in the scheduling order (ECF No. 17) remain in effect.

Dated at Milwaukee, Wisconsin this 27th day of April, 2021.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge