# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VONDELLE MONTEZ OVER,**
      **Plaintiff,**

    **v.**                                                                                      **Case No. 20-C-1542**

**ASHLEY HASELEU and MARY MOORE,**
      **Defendants.**

## ORDER

On February 1, 2021, I ordered the parties to complete discovery by July 1, 2021. ECF No. 17, ¶ 1. I advised that the parties "should serve discovery requests on the opposing party and must not file them with the court." *Id.* Nonetheless, on March 3, 2021, the plaintiff filed a document titled "Discovery," signed February 23, 2021. ECF No. 20. The same day, the clerk of courts sent the plaintiff a "Notice Regarding Discovery," instructing him to "serve discovery requests on counsel for the defendants by mail or other means of delivery." ECF No. 21. The letter advises, "Do not file or e-file interrogatories, requests to produce, or requests for admission with the Court unless the other party fails to properly respond and they are relevant to a motion to compel or other appropriate motion." *Id.*

On August 2, 2021, the deadline for dispositive motions, the defendants moved for summary judgment. ECF No. 38. The plaintiff opposes the motion. ECF No. 49. Yet on August 23, 2021, he filed the instant motion to compel. ECF No. 43. The motion is dated August 1, 2021—one month after the discovery deadline, one day before the defendants moved for summary judgment, and more than three weeks before the motion was filed.

*Id.* at 2. The court received the plaintiff's summary judgment response on September 24, 2021, even though he signed it on September 17, 2021. ECF No. 49 at 21.

The plaintiff says he wrote to defense counsel on April 1, May 1, and June 1, 2021, requesting videos, an incident report, and a printout showing his use of the emergency call button inside his cell at the prison. ECF No. 43 at 1–2; ECF No. 44 1–2. In his declaration, the plaintiff states his letters were "sent by [filing] objections to the production of documents/material sought." ECF No. 45, ¶ 5 (emphasis omitted). The plaintiff also characterizes his letters as attempts to resolve discovery disputes according to this court's local rules. *Id.*, ¶ 6 (citing Exhibit 5). He states he never received a response from defense counsel. ECF No 44 at 1; ECF No. 45, ¶¶ 3, 5.

The plaintiff attached several documents to his declaration. The first exhibit is labeled Exhibit 3 and appears to be several pages from an inmate handbook or rulebook. ECF No. 45-1 at 1–4. Exhibit 4 is a "Notice Regarding Discovery" identical to the one the clerk's office sent the plaintiff on March 3, 2021, but this notice is from a different case the plaintiff brought before me. *Id.* at 5; *see* Case No. 19-C-218-LA, ECF No. 95. Exhibits 6 and 7 include a copy of the electronic docket through June 2, 2021, and part of the scheduling order. ECF No. 45-1 at 9–14.

Exhibit 5 contains three letters. The first letter appears to be a poorly rendered copy of the second letter. The contents of the two letters are identical, but the text of the second letter is partially in red while the text of the first letter is black and faded. No. 45-1 at 6–7. Both are dated "June 1, 2021," but "June" in the first letter is crossed out and replaced with "4." *Id.* The two letters begin, "I write to you yet again about [t]he [d]iscovery for case 20-CV-1542." *Id.* at 6–7. They then list the same discovery requests in the motion

and state that the plaintiff sent his "request for discovery to the defendants counsel multiple times but nothing was sent back to me." *Id.* There is no letter dated May 1, 2021. Instead, the third letter is dated and signed as executed on "3, 1, 2021." *Id.* at 8. However, its subject line is "Vondelle Overs written request for discovery requested on the Date April 1, 2021." *Id.* The third letter states it is the "initial request for the following information/discovery" and then lists the same videos and documents in his motion. *Id.*

The defendants oppose the plaintiff's motion. ECF No. 47. They assert the plaintiff did not serve them with any discovery requests. *Id.* at 1. Other than the "discovery" the plaintiff improperly e-filed on March 3, 2021, the defendants "never received, saw, or were served with any other requests for discovery." *Id.* at 2. They did not respond to the March 3, 2021, filing because the plaintiff did not properly serve it. *Id.* Defense counsel provided a declaration swearing neither she nor other DOJ staff received any mail from the plaintiff, including discovery requests or the letters attached to his declaration. ECF No. 48, ¶¶ 4–6. The defendants note the same irregularities in the plaintiff's exhibits discussed above and describe his materials as "suspicious, and possibly fabricated." ECF No. 47 at 2–3. The plaintiff did not reply to the defendants' response.

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Like its federal counterpart, the court's Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute failed. Civil L. R. 37

(E.D. Wis.). The certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." *Id.* These rules exist because parties are often able to reach an agreement before involving the court, which saves both the parties and the court time and resources.

The plaintiff's motion does not include the required certification. Although he says he sent letters to the defendants requesting a response to his discovery, that is not the same as the certification required by the federal and local rules. More importantly, defense counsel swears she never received the letters or the discovery requests that the plaintiff says he sent. The plaintiff has not responded to counsel's sworn statements. Nor has he explained the suspicious nature of his exhibits. He does not explain why the first two letters are identical, save the scratched-out date. It could be that the plaintiff wrote one letter on April 1, 2021, then copied that letter and resent it on May 1, 2021, and June 1, 2021. But the plaintiff's letters are in reverse. The original letter is dated June 1, 2021, and the copied letter has "June" scratched out and replaced with April. ECF No. 45-1 at 6–7. There is also no letter from May 1, 2021. The plaintiff also does not explain why his letter dated March 1, 2021, seeks discovery supposedly requested on a future date, April 1, 2021. Nor does he explain why he waited a full month after the discovery deadline to tell the court his alleged discovery requests from two, three, and four months earlier had gone unanswered. It is not clear whether the three-week delay in receiving the plaintiff's motion after he purportedly signed it is attributable to him or the prison, and he has not provided the court with an explanation.

In short, the plaintiff's motion and materials do not show he is entitled to the relief he seeks. Instead, they suggest that the plaintiff may have fabricated letters and requests

4
Case 2:20-cv-01542-LA   Filed 10/12/21   Page 4 of 5   Document 52

that were never actually sent to defense counsel. Without deciding whether he engaged in such conduct, I caution the plaintiff against lying to the court or filing fabricated documents. The court has "inherent authority to sanction litigants for abuse of process, up to and including dismissing the lawsuit." *Waivio v. Bd. of Trustees of Univ. of Illinois at Chicago*, 290 F. App'x 935, 937 (7th Cir. 2008).

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to compel discovery (ECF No. 43) is **DENIED**.

The court will enter a separate order ruling on the defendants' motion for summary judgment.

Dated at Milwaukee, Wisconsin this 12th day of October, 2021.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge

5
Case 2:20-cv-01542-LA   Filed 10/12/21   Page 5 of 5   Document 52